UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUSTIN DAUGHTEY,

                            Plaintiff,

       -against-                                     **COMPLAINT WITH JURY DEMAND**

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION, BAYSIDE HIGH
SCHOOL, DETECTIVE RONIOLIO, in his individual and
professional capacity, and ASSISTANT PRINCIPAL,      **Index No.**
GERALD GONSALVES, in his individual and professional
capacity,

                          Defendants.
---------------------------------------------------------------X

       Plaintiff, JUSTIN DAUGHTEY (hereinafter referred to as "PLAINTIFF"), by and through his attorneys, the law offices of CRONIN & BYCZEK, LLP, as and for his Complaint against Defendants, respectfully sets forth the following:

## NATURE OF ACTION

       1.    PLAINTIFF brings this action against the Defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION, BAYSIDE HIGH SCHOOL, as well as the following individuals, both personally and in their official capacities, DETECTIVE RONIOLIO, and ASSISTANT PRINCIPAL OF BAYSIDE HIGH SCHOOL, GERALD GONSALVES, for false arrest, malicious prosecution, and violations of PLAINTIFF'S civil rights and constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. Specifically, PLAINTIFF asserts a claim under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, in addition to state law claims.

2. PLAINTIFF seeks damages both compensatory and punitive, an award of costs, interest and attorneys fees and such other relief as this Court may deem just and equitable.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

4. This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to all state claims set forth in all counts.

6. The rights, privileges and immunities sought herein to be redressed are those secured by the First, Fourth and Fifth Amendments and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against race discrimination and racial profiling based upon 42 U.S.C. §§ 1981, 1983, 1985 and 1986. This action also seeks relief for violation of the New York City Administrative Code § 8-107 and New York State Executive Law § 296.

## VENUE

7. Venue is proper within the Eastern District of this Court, County of New York, State of New York, as the course of defendants' conduct took place within the boundaries of the County of Queens, State of New York.

## PARTIES

8. PLAINTIFF is an African American male, who was a student at BAYSIDE HIGH SCHOOL (hereinafter "BAYSIDE") at the time of the wrongful false arrest.

9. Defendant, CITY OF NEW YORK (hereinafter referred to as "CITY"), was, and still is, a municipal corporation duly organized and existing under, and by virtue of, the laws of the City and State of New York, having its place of business within the City of New York, and included as its functions, the operation, management and finance of the New York City Police Department.

10. Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter referred to as "NYCDOE"), its agents, servants and employees, operate under the direct authority of the CITY, and is the official CITY agency charged with education of our youth.

11. Defendant, BAYSIDE, is a New York City High School, located in Bayside Queens.

12. Defendant, DETECTIVE RONIOLIO, was, and upon information and belief, still is, employed by Defendant CITY in the New York City Police Department as a Detective. He is being sued in his individual and official capacities.

13. Defendant, ASSISTANT PRINCIPAL OF BAYSIDE, GERALD GONSALVES (hereinafter referred to as "GONSALVES"), was, and upon information and belief, still is, employed by defendant NYCDOE as a Dean. He is being sued in his individual and official capacities.

**FACTUAL BACKGROUND**

14. At all times relevant herein, PLAINTIFF was, and still is, an African American male, born on July 28, 1991.

15. PLAINTIFF'S biological half brother, Wesley Artist, who bears virtually no resemblance to PLAINTIFF, was arrested regarding this same matter on Thursday, May 21,

2009, before PLAINTIFF'S false arrest on May 27, 2009. Mr. Artist was arrested for Robbery on a NYC Bus of a student from Bayside High School at approximately 5:15PM – 5:30PM.

16.  PLAINTIFF'S mother, not the mother of Wesley Artist, a Sergeant in the NYPD, received a call from Defendant RONIOLIO, a White male, of the 111th Precinct Detective Squad and was told to bring PLAINTIFF in.

17.  PLAINTIFF'S mother told Defendant RONIOLIO that she would speak to PLAINTIFF and see what was going on.

18.  PLAINTIFF'S mother spoke to him and he said he was not there. He came home with a friend, Matt and a girl in Matt's car.

19.  On Friday, PLAINTIFF'S mother called Detective RONIOLIO at the 111th Precinct and told him that PLAINTIFF was not there. PLAINTIFF was with friends and there are cameras at the building he was staying at the time which would clock him and show him coming in and/or going.

20.  Defendant RONIOLIO told PLAINTIFF'S mother that he didn't care and that PLAINTIFF needed to come to the 111th Precinct and surrender himself.

21.  On Friday, May 22, 2009, while in school at Defendant BAYSIDE, PLAINTIFF was approached by Assistant Principal, defendant GONSALVES, a White male, and he told PLAINTIFF that the cops were looking for him in reference to his brother, Wesley's arrest. PLAINTIFF told defendant GONSALVES he knew nothing about it and was allowed to go to class.

22.  Upon information and belief, defendant GONSALVES knew that PLAINTIFF had nothing to do with the crime for which PLAINTIFF'S half brother had been arrested.

Further, defendant GONSALVES, who knew both boys as they both went to BAYSIDE, was well aware that PLAINTIFF had an alibi.

23. On Tuesday, May 26, 2009, PLAINTIFF'S mother spoke to Defendant RONIOLIO and she told him about PLAINTIFF'S alibi but he again said he didn't care because he was going to court. PLAINTIFF went to school. PLAINTIFF'S mother told Defendant RONIOLIO that the description didn't match PLAINTIFF. The Defendant RONIOLIO said "yeah but the victim is a white kid and they have problems picking out black guys". PLAINTIFF'S mother tried unsuccessful to get RONIOLIO to look at the photos of each boy to convince him they looked nothing alike. RONIOLIO again repeated his position that they are both black and therefore it is "hard to tell them apart". RONIOLIO'S "racial profiling" continued with his attempts to put PLAINTIFF in a line up.

24. On Wednesday, May 27, 2009, PLAINTIFF'S mother told Defendant RONIOLIO that PLAINTIFF had an attorney and he was to deal with attorney Bowler and the ACS caseworker and that she was now out of the picture.

25. On the afternoon of May 27, 2009, PLAINTIFF'S mother was ordered by her supervisors to get her son, PLAINTIFF, and to come in "now". PLAINTIFF'S mother went to Defendant BAYSIDE to pick up PLAINTIFF and transport him to the 111th Precinct, as ordered. PLAINTIFF'S father, Brian Daughtey, met PLAINTIFF and his mother at the Precinct.

26. Defendant RONIOLIO came downstairs and took PLAINTIFF upstairs to the Detective Squad. PLAINTIFF was then placed under arrest, detained, restrained, prevented from leaving, told to remove his show laces and was handcuffed to the wall in a room for approximately 1 hour by himself.

5

27. Then PLAINTIFF was given an XL Black T-Shirt to put on and he was transported, still handcuffed, into a room with six (6) other people who were not handcuffed, for a "perp walk". Approximately thirty (30) minutes later, he was taken to the line-up room and line-up lasted about twenty-five (25) minutes.

28. After the line-up, PLAINTIFF was again handcuffed and taken to a jail cell. They removed his handcuffs while he was in the cell and he remained in the cell for approximately 5 hours.

29. PLAINTIFF was then handcuffed and taken to Queens Central Booking. He was put in an empty cell and he remained there for 2 hours. After 2 hours, PLAINTIFF was told to sign some papers, given back his property and released. He was told "charges dropped" and "case has been dismissed".

30. Upon information and belief, PLAINTIFF was the subject of racial profiling, as Defendants singled him out simply because he was a young African American male related to another young African American male they believed had committed a crime.

31. PLAINTIFF was deliberately detained for over nine (9) hours before he was released.

32. The defendants knew and/or should have known that the wrong choice by them would result in the deprivation of PLAINTIFF'S constitutional rights.

33. The defendants acted without reasonable basis and in knowing violation of his Civil Rights.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1981 AGAINST ALL DEFENDANTS

34. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the PLAINTIFF to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

36. PLAINTIFF has been deprived of his Constitutional Rights to be free of discrimination based upon race, gender, and racial profiling, and has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

37. The actions of Defendants, in depriving PLAINTIFF, of his Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

38. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL INDIVIDUAL DEFENDANTS

39. PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The individual Defendants have embarked on a course of conduct that deprived PLAINTIFF of his rights under the United States Constitution, federal and state law.

41. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by PLAINTIFF are examples of Defendants' violations of PLAINTIFF'S civil rights.

42. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived PLAINTIFF of his rights, privileges and immunities under the laws and

Constitution of the United States, and in particular, of his rights to due process and equal protection under the First, Fourth, Fifth and Fourteenth Amendments.

43. PLAINTIFF was unlawfully arrested, imprisoned and maliciously prosecuted by Defendants, without any cause or provocation whatsoever.

44. The arrest, imprisonment and prosecution of PLAINTIFF was caused by Defendants without authority of the law and without any reasonable cause or belief that PLAINTIFF was in fact guilty.

45. That Defendants acting within the scope of their authority and within the scope of their employment, arrested and imprisoned PLAINTIFF, even though Defendants knew, had the opportunity to know, or should have known, that the matters hereinbefore stated were alleged wrongfully and unlawfully.

46. The individual Defendants conspired together to violate PLAINTIFF'S rights, in that the individual officers acted in concert to unlawfully violate PLAINTIFF'S rights.

47. The conduct and actions of the individual Defendants, acting under color of law, were done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of PLAINTIFF'S constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

48. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

49. Based on the foregoing, PLAINTIFF is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 POLICY AND PRACTICE UNDER *MONELL V. DEPARTMENT OF SOCIAL SERVICES* <u>AGAINST THE MUNICIPAL DEFENDANTS</u>

50. PLAINTIFF repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51. Defendants' violations of PLAINTIFF'S constitutional rights while acting under color of law resulted from a Municipal custom, policy and practice pursuant to *Monell v. Department of Social Services*, 438 U.S. at 694 n.58, 98 S.Ct. 2037 n.58.

52. Defendant CITY failed to train its police officers and displayed a deliberate indifference to the constitutional rights to those within the State of New York, specifically to African American men.

53. Defendants knew or should have known of the constitutional violations by its staff but repeatedly failed to make any meaningful investigation into charges of constitutional violations by its staff.

54. Defendants have deprived PLAINTIFF of his civil, constitutional and statutory rights as a result of the unlawful and improper police stop due to the practice and policy of racial profiling and are liable to PLAINTIFF under 42 U.S.C. § 983.

55. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION <u>AGAINST DEFENDANTS FOR FALSE ARREST</u>

56. PLAINTIFF repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "55" as if set forth in full herein.

57. PLAINTIFF was arrested and imprisoned wrongfully and falsely by Defendants, without probable cause, any right or legal grounds. Defendants deliberately disregarded their duty to investigate PLAINTIFF'S identity.

58. Defendants falsely and maliciously accused PLAINTIFF of Robbery.

59. Defendant, RONIOLIO, without any legal basis or reasonable cause or belief that PLAINTIFF was in violation of the law, caused PLAINTIFF to be falsely arrested and imprisoned and maliciously prosecuted.

60. The Defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained, imprisoned and maliciously prosecuted PLAINTIFF, even though defendants, their agents, servants and employees knew, had the opportunity to know and/or should have known through thorough investigation, that the matters alleged against PLAINTIFF were false.

61. PLAINTIFF was wholly innocent of the charges proffered against him and did not contribute in any way to the conduct of defendants, their agents, servants and employees.

62. As such, the charge brought against PLAINTIFF by defendants was terminated in his favor.

63. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION

64. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" above, as if fully set forth herein.

65. On or about May 27, 2009 Defendants wrongfully and falsely accused PLAINTIFF of Robbery.

66. Despite the fact that PLAINTIFF was wholly innocent of said false charge, PLAINTIFF was subjected to malicious prosecution.

67. Defendant RONIOLIO falsely and maliciously, and without reasonable cause thereupon, continued to charge and prosecute PLAINTIFF, disregarding any duty to investigate.

68. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, failed to investigate and/or withheld vital information before the criminal court.

69. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, falsely and maliciously and without probable cause, charged PLAINTIFF with a crime, arrested him and prosecuted him.

70. Said malicious prosecution was terminated in PLAINTIFF'S favor.

71. By reason of the aforesaid unlawful and malicious prosecution, PLAINTIFF was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body, and was held up to scorn and ridicule, was injured in his character and reputation, and was prevented from attending to his job duties and responsibilities.

72. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CLAIM AGAINST DEFENDANT CITY FOR FAILURE TO TRAIN AND/OR SUPERVISE AND IMPROPER RETENTION OF OFFICER RONIOLIO

73. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" above, as if fully set forth herein.

74. The defendants' failure to train and supervise as described above amounted to deliberate indifference to the Constitutional Rights of persons such as the PLAINTIFF.

75. Defendants failed to implement and enforce appropriate supervision by and of its staff so as to prevent and remedy violations of citizens' Constitutional Rights.

76. Defendants failed to remedy the untrained unsupervised personnel and continued to retain them. As such, the Defendants knew or should have known that the retention would result in violation of PLAINTIFF'S Civil Rights.

77. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR FALSE IMPRISONMENT

78. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" above, as if fully set forth herein.

79. On or about May 27, 2008 PLAINTIFF was falsely imprisoned by defendants.

80. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR EMOTIONAL DISTRESS

81. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" above, as if fully set forth herein.

82. Defendants' false arrest and false imprisonment of PLAINTIFF was extreme and outrageous conduct.

83. Said extreme and outrageous conduct of Defendants was undertaken with the intent to cause, or with a disregard for the substantial probability of causing, severe emotional distress to PLAINTIFF.

84. Defendants' extreme and outrageous conduct was the direct and proximate cause of severe emotional distress to PLAINTIFF.

85. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR AN NINTH CAUSE OF ACTION
### PURSUANT TO 42 USC § 1983

86. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" above, as if fully set forth herein.

87. The individual defendants have embarked on a course of conduct that deprived plaintiff of him rights under the United States Constitution, federal and state law in retaliation for Plaintiff's refusal to falsely accuse an innocent person of a crime.

88. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by plaintiff are examples of defendants' violations of plaintiff's civil rights.

89. The actions of defendants, acting under color of state and local law, custom and usage, have deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process and equal protection under the 14th Amendment.

90. Plaintiff was unlawfully detained, held against his will and maliciously interrogated by defendants, without any cause or provocation whatsoever. Defendants viewed Plaintiff, a young Black male, who was related to another young Black male who had been arrested, and wrongfully assumed that he was involved in the crime based on stereotypical bias against young Black men.

91. The detention and interrogation of plaintiff was caused by defendants without authority of the law and without any reasonable cause or belief that plaintiff had committed a crime.

92. That defendants acting within the scope of their authority and within the scope of their employment, detained, interrogated, handcuffed, and arrested PLAINTIFF even though defendants knew, had the opportunity to know, or should have known, that the matters herein stated were alleged wrongfully and unlawfully.

93. NYCDOE, NYPD and the individual defendants conspired together to violate plaintiff's rights, in that the individual defendants acted in concert to unlawfully violate plaintiff's rights to be free of unlawful imprisonment, detention, arrest and excessive and forceful interrogation.

94. The conduct and actions of the individual defendants, acting under color of law, was done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of Plaintiff's constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 U.S.C. §1983.

95. As a consequence of defendants' unlawful actions, plaintiff demands damages in the amount of Five Million ($5,000,000.00) Dollars.

### AS AND FOR A TENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1985

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "95" with the same force and effect as if fully set forth herein.

97. All of the acts and conduct of the defendants herein stated were done under color of law and custom and practice of the NYPD and NYCDOE.

98. All individual Defendants have conspired with and amongst each other to deprive Plaintiff of her rights under the United States Constitution and federal and state law.

99. The individual Defendants, under color of law, conspired with each other to undertake a course to injure, threaten and intimidate Plaintiff in the free exercise and enjoyment of her rights and privileges and equal protection of the law secured by her by the Constitution and to impede, obstruct and hinder the due course of justice in New York State.

100. The individual Defendants have conspired to violate the Plaintiff's civil rights pursuant to 42 U.S.C. §1985 when Plaintiff was unlawfully detained at the 111th Precinct, unlawfully and forcefully taken to Queens Central Booking, unlawfully detained at, imprisoned and held on a false and fabricated claim.

101. The individual defendants acted in furtherance of the objective of the conspiracy to harass and injure plaintiff for not cooperating with them.

102. Upon information and belief, the individual defendants' conspiracy to harass, injure, and detain the plaintiff was motivated by plaintiff's status as a young Black man and was the result of racial profiling.

103. The actions of the individual defendants were a concerted effort and by their participation in the harassing conduct, as stated herein, were willful and malicious acts.

104. As a consequence of individual defendants' unlawful action and conduct, plaintiff is entitled to damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and Punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and attorneys and expert fees in an amount to be ascertained at the conclusion of this litigation.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1986

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph "1" through "104" with the same force and effect as if fully set forth herein.

106. As set forth above, the Defendants, or any of them, having knowledge that the aforementioned violations of Plaintiff's rights were about to be committed, and having the power to prevent or aid in the prevention or commission of the same, neglected and refused to do so, and as a result such wrongful acts were committed and caused the Plaintiff to suffer injury in violation of 42 U.S.C. §1986.

107. As a consequence of individual defendants' unlawful action and conduct, plaintiff is entitled to damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and attorneys and expert fees in an amount to be ascertained at the conclusion of this litigation.

### JURY TRIAL

108. PLAINTIFF requests a jury trial on all questions of fact.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Honorable Court grant the following relief:

A. For the First Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

B. For the Second Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

C. For the Third Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

D. For the Fourth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

E. For the Fifth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

F. For the Sixth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

G. For the Seventh Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

H. For the Eighth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

I. For the Ninth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS

J. For the Tenth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and

K. In all causes of action, reasonable attorneys' fees, pre-judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated: Lake Success, New York
May 24, 2012

**CRONIN & BYCZEK, LLP**

By: *[signature]*
ROCCO G. AVALLONE (RA8055)
*Attorney for Plaintiff*
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700