UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JUSTIN DAUGHTRY,

                               Plaintiff,

    -against-                                    **SECOND AMENDED COMPLAINT WITH JURY DEMAND**

THE CITY OF NEW YORK; DETECTIVE RONIOLIO, in
his individual and professional capacity,
                              Defendants.          **Docket No. 12-2655**
-----------------------------------------------------------------------X

Plaintiff, JUSTIN DAUGHTRY (hereinafter referred to as "PLAINTIFF"), by and through his attorneys, the law offices of CRONIN & BYCZEK, LLP, as and for his Complaint against Defendants, respectfully sets forth the following:

## NATURE OF ACTION

1. PLAINTIFF brings this action against the Defendants, THE CITY OF NEW YORK, as well as the following individual, personally and in his official capacity, DETECTIVE RONIOLIO, for false arrest, malicious prosecution, and violations of PLAINTIFF'S civil rights and constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. Specifically, PLAINTIFF asserts a claim under 42 U.S.C. §§ 1981 and 1983, in addition to state law claims.

2. PLAINTIFF seeks damages both compensatory and punitive, an award of costs, interest and attorneys fees and such other relief as this Court may deem just and equitable.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon federal questions and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

4. This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to all state claims set forth in all counts.

6. The rights, privileges and immunities sought herein to be redressed are those secured by the First, Fourth and Fifth Amendments and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and provisions against race discrimination and racial profiling based upon 42 U.S.C. §§ 1981 and 1983. This action also seeks relief for violation of the New York City Administrative Code § 8-107 and New York State Executive Law § 296.

## VENUE

7. Venue is proper within the Eastern District of this Court, County of New York, State of New York, as the course of Defendants' conduct took place within the boundaries of the County of Queens, State of New York.

## PARTIES

8. PLAINTIFF is an African American male, who was a student at BAYSIDE HIGH SCHOOL (hereinafter "BAYSIDE") at the time of the wrongful false arrest.

9. Defendant, CITY OF NEW YORK (hereinafter referred to as "CITY"), was, and still is, a municipal corporation duly organized and existing under, and by virtue of, the laws of

the City and State of New York, having its place of business within the City of New York, and included as its functions, the operation, management and finance of the New York City Police Department.

10. BAYSIDE is a New York City High School located in Bayside Queens.

11. Defendant, DETECTIVE RONIOLIO, was, and upon information and belief, still is, employed by Defendant CITY in the New York City Police Department as a Detective. He is being sued in his individual and official capacities.

## FACTUAL BACKGROUND

12. At all relevant times herein, PLAINTIFF was, and still is, an African American male, born on July 28, 1991.

13. PLAINTIFF'S biological half brother, Wesley Artist, who bears virtually no resemblance to PLAINTIFF, was arrested regarding this same matter on Thursday, May 21, 2009, before PLAINTIFF'S false arrest on May 27, 2009. Mr. Artist was arrested for Robbery of a student from Bayside High School taking place on a New York City bus at approximately 5:15PM – 5:30PM.

14. PLAINTIFF'S mother, not the mother of Wesley Artist, a Sergeant in the NYPD, received a call from Defendant RONIOLIO, a White male, of the 111th Precinct Detective Squad and was told to bring PLAINTIFF in.

15. PLAINTIFF'S mother told Defendant RONIOLIO that she would speak to PLAINTIFF and see what was going on.

16. PLAINTIFF'S mother spoke to him and PLAINTIFF said he was not there. PLAINTIFF came home with a friend, Matt and a girl in Matt's car.

17. On Friday, May 22, 2009, PLAINTIFF'S mother called Detective RONIOLIO at the 111th Precinct and told him that PLAINTIFF was not there. PLAINTIFF was with friends at the time of the incident and there are cameras at the building where he was staying at the time which would clock him and show him entering and/or exiting the premises.

18. Defendant RONIOLIO told PLAINTIFF'S mother that he did not care and that PLAINTIFF needed to come to the 111th Precinct and surrender himself.

19. On Friday, May 22, 2009, while in school at BAYSIDE, PLAINTIFF was approached by Assistant Principal GONSALVES, a White male, and he told PLAINTIFF that the cops were looking for him in reference to his brother, Wesley's arrest. PLAINTIFF told GONSALVES he knew nothing about it and was allowed to go to class.

20. Upon information and belief, GONSALVES and the BAYSIDE Dean of Student knew that PLAINTIFF had nothing to do with the crime for which PLAINTIFF'S half brother had been arrested. Further, GONSALVES and the BAYSIDE Dean of Students who knew both boys because both went to BAYSIDE, was well aware that PLAINTIFF had an alibi.

21. On Tuesday, May 26, 2009, PLAINTIFF'S mother spoke to Defendant RONIOLIO and she told him about PLAINTIFF'S alibi but he again said he did not care because he was going to court. PLAINTIFF went to school. PLAINTIFF'S mother told Defendant RONIOLIO that the description did not match PLAINTIFF. The Defendant RONIOLIO said "yeah but the victim is a white kid and they have problems picking out black guys". PLAINTIFF'S mother tried unsuccessfully to get RONIOLIO to look at the photos of each boy to convince him they looked nothing alike. RONIOLIO again repeated his position that they are both black and therefore it is "hard to tell them apart". RONIOLIO'S "racial profiling" continued with his attempts to put PLAINTIFF in a line up.

4

22. On Wednesday, May 27, 2009, PLAINTIFF'S mother told Defendant RONIOLIO that PLAINTIFF retained an attorney and he was to deal with attorney Bowler and the ACS caseworker and that she was now out of the picture.

23. On the afternoon of May 27, 2009, PLAINTIFF'S mother was ordered by her supervisors to get her son, PLAINTIFF, and to come in "now". PLAINTIFF'S mother went to BAYSIDE to pick up PLAINTIFF and transport him to the 111th Precinct, as ordered. PLAINTIFF'S father, Brian Daughtry, met PLAINTIFF and his mother at the Precinct.

24. Defendant RONIOLIO came downstairs and took PLAINTIFF upstairs to the Detective Squad. PLAINTIFF was then placed under arrest, detained, restrained, prevented from leaving. He told PLAINTIFF to remove his show laces and handcuffed PLAINTIFF to the wall in a room for approximately one (1) hour by himself alone.

25. Then PLAINTIFF was given an extra-large Black colored T-Shirt to wear and he was transported, while still handcuffed, into a room with six (6) other people who were not handcuffed, for what is referred to as a "perp walk". Approximately thirty (30) minutes later, he was taken to the line-up room which lasted approximately twenty-five (25) minutes.

26. After the line-up, PLAINTIFF was again handcuffed and taken to a jail cell. They removed his handcuffs while he was in the cell and he remained in the cell for approximately 5 hours.

27. PLAINTIFF was then handcuffed and transported to Queens Central Booking. He was put in an empty jail cell where he remained for two (2) hours. After two (2) hours, PLAINTIFF was told to sign some papers, given back his property and released. PLAINTIFF was told "charges dropped" and "case has been dismissed".

28. Upon information and belief, PLAINTIFF was the subject of racial profiling, as Defendants singled him out simply because he was a young African American male related to another young African American male they believed had committed a crime.

29. PLAINTIFF was deliberately detained for over nine (9) hours before he was released.

30. Defendants knew and/or should have known that the wrong choice by them would result in the deprivation of PLAINTIFF'S constitutional rights.

31. Defendants acted without reasonable basis and in knowing violation of his Civil Rights.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1981 AGAINST ALL DEFENDANTS

32. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33. Throughout the events recited herein, the individual Defendant, while acting under the color of law, subjected the PLAINTIFF to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

34. PLAINTIFF has been deprived of his Constitutional Rights to be free of discrimination based upon race, gender, and racial profiling, and has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

35. The actions of Defendants, in depriving PLAINTIFF, of his Constitutional and Civil Rights, as hereinbefore stated, were willful and malicious acts.

36.　As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL INDIVIDUAL DEFENDANTS

37.　PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.　The individual Defendant has embarked on a course of conduct that deprived PLAINTIFF of his rights under the United States Constitution, federal and state law.

39.　The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by PLAINTIFF are examples of Defendants' violations of PLAINTIFF'S civil rights.

40.　The actions of Defendants, acting under color of state and local law, custom and usage, have deprived PLAINTIFF of his rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of his rights to due process and equal protection under the First, Fourth, Fifth and Fourteenth Amendments.

41.　PLAINTIFF was unlawfully arrested, imprisoned and maliciously prosecuted by Defendants, without any cause or provocation whatsoever.

42.　The arrest, imprisonment and prosecution of PLAINTIFF was caused by Defendants without authority of the law and without any reasonable cause or belief that PLAINTIFF was in fact guilty.

43.　That Defendants acting within the scope of their authority and within the scope of their employment, arrested and imprisoned PLAINTIFF, even though Defendants knew, had the opportunity to know, or should have known, that the matters hereinbefore stated were alleged

wrongfully and unlawfully.

44. The individual Defendant has conspired together with CITY to violate PLAINTIFF'S rights, in that the individual detective acted in concert to unlawfully violate PLAINTIFF'S rights.

45. The conduct and actions of the individual Defendant, acting under color of law, were done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of PLAINTIFF'S constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

46. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

47. Based on the foregoing, PLAINTIFF is entitled to punitive and exemplary damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS FOR FALSE ARREST

48. PLAINTIFF repeats, realleges and reiterates each and every allegation set forth in paragraphs "1" through "47" as if set forth in full herein.

49. PLAINTIFF was arrested and imprisoned wrongfully and falsely by Defendants, without probable cause, any right or legal grounds. Defendants deliberately disregarded their duty to investigate PLAINTIFF'S identity.

50. Defendants falsely and maliciously accused PLAINTIFF of Robbery.

51. Defendant, RONIOLIO, without any legal basis or reasonable cause or belief that PLAINTIFF was in violation of the law, caused PLAINTIFF to be falsely arrested and imprisoned and maliciously prosecuted.

52. The Defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained, imprisoned and maliciously prosecuted PLAINTIFF, even though Defendants, their agents, servants and employees knew, had the opportunity to know and/or should have known through thorough investigation, that the matters alleged against PLAINTIFF were false.

53. PLAINTIFF was wholly innocent of the charges proffered against him and did not contribute in any way to the conduct of Defendants, their agents, servants and employees.

54. As such, the charge brought against PLAINTIFF by Defendants was terminated in his favor.

55. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR MALICIOUS PROSECUTION

56. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" above, as if fully set forth herein.

57. On or about May 27, 2009 Defendants wrongfully and falsely accused PLAINTIFF of Robbery.

58. Despite the fact that PLAINTIFF was wholly innocent of said false charge, PLAINTIFF was subjected to malicious prosecution.

59. Defendant RONIOLIO falsely and maliciously, and without reasonable cause thereupon, continued to charge and prosecute PLAINTIFF, disregarding any duty to investigate.

60. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, failed to investigate and/or withheld vital information before the criminal court.

61. Defendants, their agents, servants and employees, acting in performance of their employment and within the scope of their authority, falsely and maliciously and without probable cause, charged PLAINTIFF with a crime, arrested him and prosecuted him.

62. Said malicious prosecution was terminated in PLAINTIFF'S favor.

63. By reason of the aforesaid unlawful and malicious prosecution, PLAINTIFF was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body, and was held up to scorn and ridicule, was injured in his character and reputation, and was prevented from attending to his job duties and responsibilities.

64. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CLAIM AGAINST DEFENDANT CITY FOR FAILURE TO TRAIN AND/OR SUPERVISE AND IMPROPER RETENTION OF OFFICER RONIOLIO

65. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" above, as if fully set forth herein.

66. Defendants' failure to train and supervise as described above amounted to deliberate indifference to the Constitutional Rights of persons such as the PLAINTIFF.

67. Defendants failed to implement and enforce appropriate supervision by and of its staff so as to prevent and remedy violations of citizens' Constitutional Rights.

68. Defendants failed to remedy the untrained unsupervised personnel and continued to retain them. As such, the Defendants knew or should have known that the retention would result in violation of PLAINTIFF'S Civil Rights.

69. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS FOR FALSE IMPRISONMENT

70. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" above, as if fully set forth herein.

71. On or about May 27, 2008 PLAINTIFF was falsely imprisoned by Defendants.

72. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS FOR EMOTIONAL DISTRESS

73. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" above, as if fully set forth herein.

74. Defendants' false arrest and false imprisonment of PLAINTIFF was extreme and outrageous conduct.

75. Said extreme and outrageous conduct of Defendants was undertaken with the intent to cause, or with a disregard for the substantial probability of causing, severe emotional distress to PLAINTIFF.

76. Defendants' extreme and outrageous conduct was the direct and proximate cause of severe emotional distress to PLAINTIFF.

77. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the PLAINTIFF has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### PURSUANT TO 42 USC § 1983

78. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" above, as if fully set forth herein.

79. The individual Defendant has embarked on a course of conduct that deprived Plaintiff of his rights under the United States Constitution, federal and state law in retaliation for Plaintiff's refusal to falsely accuse an innocent person of a crime.

80. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by Plaintiff are examples of Defendants' violations of plaintiff's civil rights.

81. The actions of defendants, acting under color of state and local law, custom and usage, have deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process and equal protection under the 14th Amendment.

82. Plaintiff was unlawfully detained, held against his will and maliciously interrogated by defendants, without any cause or provocation whatsoever. Defendants viewed Plaintiff, a young Black male, who was related to another young Black male who had been arrested, and wrongfully assumed that he was involved in the crime based on stereotypical bias against young Black men.

83. The detention and interrogation of plaintiff was caused by defendants without authority of the law and without any reasonable cause or belief that plaintiff had committed a crime.

84. That defendants acting within the scope of their authority and within the scope of their employment, detained, interrogated, handcuffed, and arrested PLAINTIFF even though defendants knew, had the opportunity to know, or should have known, that the matters herein stated were alleged wrongfully and unlawfully.

85. NYPD and Defendant RONIOLIO conspired together to violate plaintiff's rights, in that the defendants acted in concert to unlawfully violate plaintiff's rights to be free of unlawful imprisonment, detention, arrest and excessive and forceful interrogation.

86. The conduct and actions of Defendants, acting under color of law, was done intentionally, maliciously and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification and was designed to and did cause specific pain and suffering, mental anguish, extreme emotional distress, humiliation and embarrassment in violation of Plaintiff's constitutional rights as guaranteed under the Fourteenth Amendment, in violation of 42 U.S.C. §1983.

87. As a consequence of defendants' unlawful actions, plaintiff demands damages in the amount of Five Million ($5,000,000.00) Dollars.

## JURY TRIAL

88. PLAINTIFF requests a jury trial on all questions of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that this Honorable Court grant the following relief:

A.   For the First Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

B.   For the Second Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS; and punitive damages sum of TWO MILLION ($2,000,000.00) DOLLARS;

C.   For the Third Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

D.   For the Fourth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

E.   For the Fifth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

F.   For the Sixth Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

G.   For the Seventh Cause of Action against defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

H.   For the Eighth Cause of Action against Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

I.   In all causes of action, reasonable attorneys' fees, pre-judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated:  Lake Success, New York
        February 6, 2013

                                        **CRONIN & BYCZEK, LLP**

                            By: _____
                                SHAHIN Y. MASHHADIAN (SM7181)
                                *Attorney for Plaintiff*
                                1983 Marcus Avenue, Suite C-120
                                Lake Success, New York 11042
                                (516) 358-1700