D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JUSTIN DAUGHTRY,

         Plaintiff,

-against-

THE CITY OF NEW YORK; DETECTIVE
RONIOLIO, in his individual and
professional capacity,

         Defendants.
----------------------------------------------------------------X

**ORDER**

**12-CV-2655 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 27, 2014, Defendants the City of New York and Detective George Raniolo ("Detective Raniolo")[1] filed their fully briefed motion for summary judgment as to all of Plaintiff Justin Daughtry's claims in this action. (See Not. of Mot. for Summ. J. (Dkt. 37).) The undersigned referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Oct. 9, 2014, Order Referring Mot.) On February 23, 2015, Judge Reyes issued his R&R, recommending that the court grant in full Defendants' motion. (R&R (Dkt. 48).) Judge Reyes advised the parties that any objections to the R&R were required to be filed within fourteen days of receipt of the R&R, and that failure to file timely objections would waive the right to appeal this court's order. (See id. at 11 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).) On March 10, 2015, Plaintiff requested an extension of time to file objections to the R&R; the court extended Plaintiff's time to file objections to April 2, 2015. (Ltr. Mot. for Ext. of Time (Dkt. 49); Mar. 10, 2015, Order (Dkt. 50).) On April 2, 2015, Plaintiff filed an

---

[1] Detective Raniolo's surname is misspelled in the caption. (See Report & Recommendation (Dkt. 48) at 1 n.1.)

1

Objection to Judge Reyes's R&R (Pl.'s Obj. to Magistrate's R&R ("Pl.'s Obj.") (Dkt. 51)), and on April 16, 2015, Defendants filed a Response to Plaintiff's Objection (Defs.' Resp. to Pl.'s Obj. to Magistrate's R&R ("Defs.' Resp.") (Dkt. 52)).

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection to a report and recommendation in its entirety does not constitute a specific written objection within the

meaning of Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG) (RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008).

Plaintiff's Objection does not point to any specific portion(s) of the R&R and explain why the court should reject Judge Reyes's analysis. Instead, his Objection consists of a reference to his prior briefing (see Pl.'s Obj. at 2 ("Plaintiff respectfully submits that Judge Reyes erred in recommending that his Complaint be dismissed in its entirety, for the reasons enumerated in Plaintiff's opposition to Defendants' motion.")), followed by the reproduction of three portions of his prior opposition briefing, dealing with his false arrest, malicious prosecution, and § 1981 claims.[2] Plaintiff does not address in any way—other than by a passing reference to "the reasons enumerated in Plaintiff's opposition to Defendants' motion"—Judge Reyes's recommendations that his state law claims and Monell claim should be dismissed, or that qualified immunity provides an independent basis for dismissal of his § 1983 claim of false arrest. (See R&R at 7-8 (qualified immunity), 9 (Monell), 11 (state law claims).) Accordingly, Plaintiff is entitled only to clear error review as to the R&R's analysis of these claims, and the court finds none.

Plaintiff is also entitled only to clear error review as to the remainder of Judge Reyes's R&R, as he has merely reproduced portions of his opposition briefing in arguing that his false arrest, malicious prosecution, and § 1981 claims should survive summary judgment. See Pall Corp., 249 F.R.D. at 51 (E.D.N.Y. 2008) ("When a party . . . simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration omitted)). Nonetheless, out of an abundance of caution, the court has reviewed de novo the portions of the R&R dealing with these claims, and agrees with Judge Reyes's thorough and well-reasoned analysis.

---

[2] The court assumes familiarity with Plaintiff's claims and the relevant facts as described in Judge Reyes's R&R.

As Judge Reyes explained, Plaintiff has not put forth any admissible evidence that would call into question the reliability of the robbery victim's identification of Plaintiff in the photo array. (See R&R at 4-6 (explaining why the Lambright/Gonsalves statement constitutes inadmissible hearsay).) Accordingly, that identification established probable cause; and once probable cause was so established, Detective Raniolo was not required to investigate and/or corroborate claims made by Plaintiff's mother regarding the existence of allegedly exculpatory evidence. (See R&R at 6-7 & nn.4-5 (distinguishing cases on which Plaintiff relies).) See also, e.g., Virgil v. Town of Gates, 455 F. App'x 36, 38 (2d Cir. 2012) (summary order) ("A victim's identification of an assailant is, by itself, sufficient 'probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.'" (quoting Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995))); Alvarado v. City of New York, 453 F. App'x 56, 58 (2d Cir. 2011) (summary order) (holding that because victim's "identification of [plaintiff] as one of his assailants . . . was sufficient probable cause for [plaintiff's] arrest," detective "was obligated neither to refrain from arrest simply because [plaintiff] provided a potentially exculpatory story nor to follow up on that story prior to making the arrest"); Rush v. Astacio, 159 F.3d 1348, at *1 (2d Cir. July 31, 1998) (unpublished table decision) ("The uncontested fact that Rush was, prior to the arrest, identified by the crime victim from a photo array . . . shows as a matter of law that Astacio had probable cause."); Mayer v. Moeykens, 494 F.2d 855, 858 n.2 (2d Cir. 1974) ("[I]t cannot be doubted that the actual identification of appellant by the victim through photographs goes beyond mere suspicion and would . . . be sufficient to warrant a prudent man in believing that the appellant had committed . . . an offense." (internal quotation marks, citation, and brackets omitted)); Crews v. Cnty. of Nassau, 996 F. Supp. 2d 186, 206 (E.D.N.Y. Feb. 11, 2014) (holding probable cause established as a matter of law by robbery

4

victim's identification of plaintiff, despite known perpetrator's claim that plaintiff had not participated in the robbery). Accordingly, Judge Reyes properly recommended summary judgment as to Plaintiff's false arrest claim. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (the existence of probable cause is a complete defense to a false arrest claim).

Judge Reyes was also correct to recommend summary judgment as to Plaintiff's malicious prosecution claim, as it is undisputed that no prosecution was ever initiated against Plaintiff; to the contrary, the Assistant District Attorney declined to prosecute, and Plaintiff was never arraigned or subject to any legal process. (See R&R at 8-9.) This is fatal to Plaintiff's claim. See Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (listing elements of malicious prosecution claim under New York law); Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (additional requirement for § 1983 claim that plaintiff show a "sufficient post-arraignment restraint to implicate the plaintiff's Fourth Amendment rights").

Finally, the court agrees with Judge Reyes's determination that, even if Plaintiff's § 1981 claim does not merge with his § 1983 claims, it fails on the merits because there is insufficient evidence that any racial discrimination was a motivating factor for Detective Raniolo's conduct in connection with Plaintiff's arrest. (See R&R at 9-10 ("Plaintiff has shown no specific facts that Detective Raniolo relied on the victim's identification as a basis for probable cause, or arrested Plaintiff without further investigation, "simply because [Plaintiff] was 'black.'" (quoting Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. (Dkt. 41) at 5)).) See also Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001) (to establish a § 1981 claim, a plaintiff must show, inter alia, that intentional discrimination on the basis of race "was a substantial or motivating factor for the defendant's actions" (internal quotation marks and citation omitted)). Plaintiff has submitted no admissible evidence that the victim's identification of Plaintiff was less than

reliable, and therefore, as explained above, Detective Raniolo was entitled to rely on that identification as establishing probable cause to arrest Plaintiff for the robbery. It would be unreasonable for any jury to conclude on the record currently before the court that Detective Raniolo arrested Plaintiff without further investigation for any reason other than the fact that Plaintiff was identified in the photo array by the victim.

Accordingly, the court ADOPTS IN FULL Judge Reyes's R&R, and GRANTS Defendants' motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

s/NGG

Dated: Brooklyn, New York
May 21, 2015

NICHOLAS G. GARAUFIS
United States District Judge